No. 04-585

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 116N

VICKIE BERRYMAN,

        Plaintiff and Respondent,

    v.

U.S. BANCORP PIPER JAFFRAY, INC.,
PIPER JAFFRAY, INC., ROBERT ENGLISH,
THOMAS J. O'NEILL and JOHN DOES I through X,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Second Judicial District,
                    In and for the County of Silver Bow, Cause No. DV 02-78
                    The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Stanley T. Kaleczyc, Esq., Brand G. Boyer, Esq., Browning Kaleczyc Berry
                & Hoven, P.C., Helena, Montana; John S. Lutz, Esq., Fairfield and Woods,
                P.C., Denver, Colorado

        For Respondent:

                Tina L. Morin, Esq., Poore Roth & Robinson, P.C., Butte, Montana

Submitted on Briefs:  April 20, 2005

Decided:  May 5, 2005

Filed:

                                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    U.S. Bancorp Piper Jaffray, Inc., Piper Jaffray, Inc., and Robert English (collectively, Piper) appeal an order of the District Court for the Second Judicial District, Silver Bow County, denying their motion to compel arbitration of the claims filed by Plaintiff and Respondent herein Vickie Berryman (Berryman). We affirm.

¶3    This case is one of 23 different lawsuits filed by individual investors of Piper involving the alleged mismanagement of the investors' accounts in Piper's branch office in Butte. This particular action involves two agreements Berryman entered into with Piper. On July 13, 1999, Berryman met with Thomas J. O'Neill (O'Neill), who at the time was a securities broker in Piper's Butte office, to open a Self-Directed IRA with Piper. O'Neill never explained to Berryman any of the terms of the agreement she signed, nor did O'Neill inform Berryman that the agreement contained an arbitration clause. On September 30, 1999, Berryman opened a second account with Piper by executing a Piper Automatic Transfer (PAT) Plus Account Agreement. Once again, O'Neill did not explain the arbitration clause in the agreement to Berryman.

¶4     These facts and the issues arising from them are substantially identical to those in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, 326 Mont. 103, 107 P.3d 465. In that case, we held that a clause in a PAT Plus Account Agreement granting Piper broad discretion over an investor's holdings created a fiduciary duty. *Willems*, ¶ 22. That clause, in addition to an arbitration clause, was included in Berryman's September 30, 1999 PAT Plus Account Agreement with Piper. *Willems* further held that because of the fiduciary duty, Piper was obligated to advise the investor of the consequences of the arbitration clause prior to the formation of the contract, and that because Piper did not, the arbitration clause was unenforceable. *Willems*, ¶ 25, ¶ 28.

¶5     Accordingly, in light of *Willems*, we affirm the District Court's conclusion that Piper owed a fiduciary duty to explain the arbitration provision to Berryman, that it breached that duty and, therefore, that the pre-dispute arbitration provisions are unenforceable.

¶6     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

3