DA 08-0102

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 399N

VICKIE BERRYMAN,

       Plaintiff,

  v.

U.S. BANCORP PIPER JAFFRAY, INC.,
PIPER JAFFRAY, INC., ROBERT ENGLISH,
THOMAS J. O'NEILL, & JOHN DOES I THROUGH X,

       Defendants and Appellees,

THOMAS J. O'NEILL,

       Defendant, Cross-claim Plaintiff and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                 In and For the County of Silver Bow, Cause No. DV-2002-078
                 Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Joseph C. Engel, III, Joseph C. Engel, III, P.C., Great Falls, Montana

       For Appellee:

              Stanley T. Kaleczyc, Brand G. Boyar, Browning, Kaleczyc, Berry
              & Hoven, P.C., Helena, Montana

Submitted on Briefs:  November 13, 2008

Decided:  November 25, 2008

Filed:

_____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Vicki Berryman filed her complaint in this matter in the Second Judicial District Court, Silver Bow County, in April 2002. She named U.S. Bancorp Piper Jaffray, Inc., Piper Jaffray, Inc., Robert English, Thomas J. O'Neill, and John Does I through X as defendants. Berryman was one of approximately two dozen investors who filed actions against Piper Jaffray and O'Neill, a former Piper Jaffray account executive.

¶3 In August 2002, the defendants moved the District Court to compel arbitration. The court denied the motion in May 2004, this Court affirmed the court's order in May 2005 (*Berryman v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 116N), and the United States Supreme Court denied the defendants' petition for a writ of certiorari in October 2005 (*Piper Jaffray & Co. v. Shea*, 546 U.S. 976, 126 S. Ct. 546 (2005)). Meanwhile, in April 2004, O'Neill was indicted in federal court for wire and securities fraud, and he pleaded guilty to two counts of the indictment in January 2005. He was sentenced to federal prison and to make restitution in excess of $300,000 to Piper Jaffray.

¶4 After the District Court's refusal to compel arbitration was affirmed and certiorari was denied, Piper Jaffray and English filed an answer to the complaint; however, O'Neill

did not file an answer or any cross-claims at this time. In January 2006, the District Court issued a scheduling order setting a February 2007 trial date and various discovery and pretrial deadlines. In August 2006, the court granted the motion of O'Neill's counsel to withdraw from the case. O'Neill then represented himself in this matter until June 2007. In October 2006, the court entered an order extending the discovery deadline to December 15, 2006. In February 2007, the court vacated the original trial date, so that it could resolve several pretrial motions, and reset the trial for November 2007.

¶5 O'Neill was released from prison in April 2007. In June 2007, O'Neill's new counsel sought to reopen discovery. All other parties objected, citing untimeliness in that discovery had long since closed. In September 2007, O'Neill filed his Answer and Cross-Claim, alleging twelve different counts against Piper Jaffray. One was spoliation of evidence. Piper Jaffray and English filed a motion to strike O'Neill's Answer and Cross-Claim and a motion for an order in limine precluding evidence of or reference to O'Neill's cross-claims at trial. They argued that the Answer and Cross-Claim was untimely and that the late pleading would cause them undue prejudice, since discovery had closed and since the Answer and Cross-Claim injected new issues into the case.

¶6 The District Court entered an order in November 2007 granting Piper Jaffray and English's motions. The court relied on M. R. Civ. P. 41(b) and (c), which authorize a court to dismiss a claim or cross-claim for failure to prosecute or to comply with a court order, and on the four factors set out in *Becky v. Norwest Bank Dillon, N.A.*, 245 Mont. 1, 8, 798 P.2d 1011, 1015 (1990), for dismissing an action for failure to prosecute. The court noted that the Answer and Cross-Claim was filed more than five years after the

3

filing of the complaint, more than eighteen months after the court issued its scheduling order, and more than nine months after discovery closed. Furthermore, the court that O'Neill had failed to participate in discovery during that time period. Thus, O'Neill was not diligent in prosecuting his claims. The court stated that while O'Neill's incarceration during a substantial portion of the pretrial period was a factor to consider, it did not give rise to a right to an indefinite postponement of civil proceedings, particularly over the objection of the other party (citing *Hauschulz v. Michael Law Firm*, 2005 MT 189, 328 Mont. 95, 117 P.3d 908). The court also noted that O'Neill had been represented by counsel until mid-August 2006, which also reduced any impediment his incarceration may have posed to the prosecution of his claims. The court further found that there would be undue prejudice to Piper Jaffray and English if O'Neill were allowed to raise new claims against them on the eve of trial and that any sanction short of dismissal would result in needless delay and expense for the other parties. The court concluded that the untimely filing of the Answer and Cross-Claim was contrary to the scheduling order and the spirit of the Rules of Civil Procedure.

¶7 Thereafter, Berryman and Piper Jaffray settled, and Berryman agreed to dismiss her complaint against all parties. O'Neill then filed a motion under M. R. Civ. P. 60(b), seeking reversal of the District Court's order granting Piper Jaffray and English's motion to strike. The court denied the motion. O'Neill now appeals.

¶8 O'Neill presents three issues for appeal: 1) Did the court abuse its discretion in dismissing O'Neill's Answer and Cross-Claim? 2) Did the District Court err in denying O'Neill's Rule 60(b) motion? 3) Should this Court remand this case with instructions to

4

enter judgment as a matter of law in O'Neill's favor and against Piper Jaffray on the spoliation claim?

¶9 Piper Jaffray responds that there is really only one issue for appeal: Did the District Court err in dismissing O'Neill's Answer and Cross-Claim? Piper Jaffray maintains that the Rule 60 issue is subsumed into this issue and that we should not reach O'Neill's third issue because the District Court correctly dismissed his spoliation cross-claim. In addition, Piper Jaffray notes that the District Court explained to O'Neill that he could bring a separate action against Piper Jaffray to raise the allegations contained in his cross-claims but that the court would not reopen discovery in the instant proceedings just a few weeks prior to trial.

¶10 A district court is accorded broad discretion to determine whether a cause of action should be dismissed for the failure of the party seeking relief to prosecute. *Becky*, 245 Mont. at 7, 798 P.2d at 1015. The court's decision to dismiss for failure to prosecute will be overturned only upon a showing of abuse of discretion. *Becky*, 245 Mont. at 7, 798 P.2d at 1015. However, because dismissal of an action is a harsh remedy, the district court must balance the concerns of judicial efficiency embodied in Rule 41(b) and (c) against a party's right to meaningful access to the judicial system.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues raised are clearly controlled by settled Montana law. Having reviewed the record, the District Court's order, and the parties'

arguments on appeal, we conclude that O'Neill has failed to demonstrate that the District Court abused its discretion in striking his Answer and Cross-Claim.

¶12    Affirmed.

/S/ JAMES C. NELSON


We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS